IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| CYNTHIA HINES KING, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   No. 10-2921-SHL/tmp |
| | ) |
| HILTON WORDWIDE, INC., | ) |
| | ) |
|     Defendant. | ) |

**REPORT AND RECOMMENDATION**

On December 20, 2010, plaintiff Cynthia Hines King filed a *pro se* complaint alleging that her former employer, defendant Hilton Worldwide, Inc. ("Hilton"), discriminated against her on the basis of her race, age, and gender, and unlawfully retaliated against her, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 1981, and the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. ("ADEA"). (ECF No. 1.) On that same day, King filed her application to proceed *in forma pauperis*. (ECF No. 2.) The court granted the motion to proceed *in forma pauperis* on December 21, 2010. (ECF No. 3.) King continued to prosecute her case as a *pro se* litigant until April 8, 2014, when attorney Brenda Oats-Williams filed a notice of appearance to appear as counsel for King. On August 1, 2014, Hilton filed a motion for summary judgment. King filed a response in opposition,

[1]

to which Hilton filed a reply. (ECF Nos. 104, 110.) On October 7, 2014, the court entered its Order Granting Defendant's Motion for Summary Judgment and entered judgment dismissing all claims with prejudice. (ECF Nos. 131, 132.) On October 31, 2014, King and Oats-Williams filed a consent motion for Oats-Williams to withdraw as counsel of record. (ECF No. 133.) On November 4, 2014, King filed a notice of appeal *pro se*. (ECF No. 134.) On that same day, King filed another *in forma pauperis* application with the district court. (ECF No. 135.) The issue of whether King should be granted leave to appeal *in forma pauperis* has been referred to the undersigned Magistrate Judge. (ECF No. 139.)

Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Fed. R. App. P. 24(a). See Callihan v. Schneider, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a) provides that if a party seeks pauper status on appeal, he or she must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). King has complied with this portion of the rule. However, Rule 24(a) also provides that, if the district court certifies that an appeal would not be taken in good faith or otherwise denies leave to appeal *in forma pauperis*, the party must file the motion to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. Coppedge v.

United States, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. Id.

In its order granting summary judgment for Hilton, the district court concluded that King's gender discrimination claim under Title VII failed because King did not present any evidence that she was replaced by someone of another gender. With regard to King's ability to satisfy her prima face case for age discrimination and retaliation, the court questioned whether King had put forth sufficient evidence to show that her replacement was significantly younger and expressed "serious doubts" as to whether King had presented sufficient proof of a causal connection between the protected activity and the adverse employment action. The court, however, ultimately dismissed these claims based on its determination that Hilton provided legitimate, non-discriminatory reasons for terminating King and King failed to show that Hilton's reasons were a mere pretext for discrimination. Specifically, Hilton contended that it terminated King because over a three-year period, her work was untimely, she had poor communication skills, she had difficulty accepting criticism and responsibility, and she failed to improve in areas set forth in her Performance Improvement Plan. Although King produced performance reviews and some emails from co-workers to support her contention that she performed her job well, the court found that King failed to show that there was a

genuine issue of material fact supporting her contention of intentional discrimination:

> While some co-workers may have been pleased with King, she fails to show that the complaints against her were false, not the actual reason for her termination, or insufficient to explain Hilton's actions. The record shows that King had a history of performance issues going back well before Brady became her supervisor. King was cited multiple times for being combative, a poor communicator and for having difficulties getting work done in a timely manner. The record shows that Brady gave King several opportunities to improve upon these issues but she was either unable or unwilling to do so.

(ECF No. 131 at 11.)

The same considerations that lead the court to grant summary judgment in favor of Hilton also support the conclusion that an appeal would not be taken in good faith. Therefore, it is recommended that the court certify, pursuant to Fed. R. App. P. 24(a), that the appeal in this matter by plaintiff is not taken in good faith and that the court deny leave to proceed on appeal *in forma pauperis*.[1] It is further recommended, should the court deny King leave to proceed on appeal *in forma pauperis*, that King be ordered to pay the full appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days from the date the

---

[1]This report and recommendation is filed pursuant to Woods v. Dahlberg, 894 F.2d 187, 188 (6th Cir. 1990) ("A district judge is free to refer a motion for pauper status to a magistrate [judge] and if the decision is to grant such a motion, the magistrate [judge] may enter such an order. If the decision is to deny, however, the magistrate [judge] must make such a recommendation

court adopts this recommendation.

Respectfully submitted,

> s/ Tu M. Pham
> TU M. PHAM
> United States Magistrate Judge
>
> November 10, 2014
> Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY=S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. ' 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**

---

to the district judge who will then take final action.").